# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ANTHONY DUANE ROBISON,

                Plaintiff,

v.

MS. HUBER, MS. MAASSEN,
CAPTAIN FOSTER, C.O. II O'BRIEN,
C.O. II VEZNER, MS. GILLES, and
SGT. SMETANA,

                Defendants.

Case No. 20-CV-78-JPS

**ORDER**

    Plaintiff Anthony Duane Robinson, a prisoner proceeding in this matter *pro se*, filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $1.13. 28 U.S.C. § 1915(b).

    The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink,* 126 F.3d 895, 900

(7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be

supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff is incarcerated at Jackson Correctional Institution, and Defendants are medical and security staff at the prison. (Docket #1 at 1–2). Plaintiff alleges that Defendants took away his prescription eyeglasses and have refused to return or replace them for months. *Id.* at 2–3. Plaintiff states that the lack of eyeglasses causes him to strain his eyes and lose his vision at an increased rate. *Id.* at 3.

Plaintiff may proceed against Defendants for failing to provide adequate medical care. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a

'sufficiently culpable state of mind,' – i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

In light of the low bar applied at the screening stage, the Court finds that Plaintiff has stated a claim under the Eighth Amendment. The deprivation of eyeglasses can constitute a serious medical need, though it is not clear whether that is true for Plaintiff in this instance. *Franklin v. McCaughtry*, 110 F. App'x 715, 721 (7th Cir. 2004); *Rudnick v. Raemisch*, 774 F. App'x 446, 449 (10th Cir. 2019). In a similar vein, Plaintiff has adequately alleged that he told Defendants about his eyeglasses issue and that they did little or nothing about it for an extended period, suggesting indifference to his needs. Perhaps not all of these Defendants are truly responsible for the issue, or perhaps they *did* address his concerns in some manner, but those facts are not present in the complaint. The Court will, therefore, allow Plaintiff to proceed against all Defendants at this time.

In sum, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): Deliberate indifference to Plaintiff's serious medical needs, namely his need for prescription eyeglasses, in violation of the Eighth Amendment, by Defendants from July 2019 to January 2020.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court,

copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee, $348.87, by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue
>  Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, Plaintiff need not mail copies to Defendants. Defendants will be served electronically through the Court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 2nd day of March, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge