UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY DUANE ROBINSON,

      **Plaintiff,**

  v.                                              Case No. 20-CV-78

DIANE HUBER, *et al.*,

      **Defendants.**

# ORDER

Plaintiff Anthony Duane Robinson filed a complaint in this case under 42 U.S.C. § 1983. (ECF No. 1.) Judge Stadtmueller, to whom the case was assigned, screened the complaint and allowed Robinson to proceed against several defendants. (ECF No. 7.) He warned Robinson going forward that "failure to make a timely submission may result in the dismissal of this action for failure to prosecute." (*Id.* at 6.)

After the defendants responded to the complaint, Judge Stadtmueller entered a Scheduling Order in which he instructed Robinson that he must respond to any motions to dismiss under Civil Local Rule 7 "or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice." (ECF No. 12 at 1.) Judge Stadtmueller reminded Robinson "that failure to make a timely submission or otherwise comply with the Court's orders may result in the

dismissal of this action for failure to prosecute." (*Id.* at 6.) On May 22, 2020, the case was reassigned to this court on the consent of the parties. (ECF No. 15.)

On October 1, 2020, the defendants moved for summary judgment. (ECF No. 18.) Robinson's response materials were due thirty days later—by November 2, 2020 (following Fed. R. Civ. P. 6(a)(1)(C)). On November 17, 2020, after Robinson failed to respond, the defendants moved to dismiss this case for his failure to prosecute. (ECF No. 28.) Robinson has not responded to either motion.

While this case has been pending, Robinson was proceeding on another case in this district, 19-CV-812. On October 9, 2020, this court noted that several orders sent to Robinson had been returned to the court as "Undeliverable—Inmate has been released." (Case No. 19-CV-812, ECF No. 51 at 1.) The clerk's office contacted the Department of Corrections, which confirmed that Robinson had been released but was unable to provide a new address for him. (*Id.*) The court warned Robinson to update his address within fourteen days or his case would be dismissed. (*Id.* at 1–2.) That order, too, came back as undeliverable. (ECF No. 52.) Robinson did not provide a new address, and the court dismissed his case with prejudice. (Case No. 19-CV-812, ECF No. 52 (citing Civil L. R. 41(c) (E.D. Wis.)).

As in 19-CV-812, Robinson was warned on multiple occasions that his failure to prosecute this case would result in its dismissal. Robinson has not responded to either of the defendants' motions or provided a new address at which the court can reach him. Because Robinson has in all respects abandoned this litigation, and has shown a pattern of abandoning his cases, the court will dismiss this action with

2

prejudice. *See* Civil L. R. 41(c) (E.D. Wis.) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice.").

**IT IS THEREFORE ORDERED** that this case is **DISMISSED with prejudice** based on Robinson's failure to diligently prosecute it. The clerk's office is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 14th day of December, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge